IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH BARNETT,<br><br>    1416 2nd Street<br>    Santa Monica, CA 90401<br><br>                      Plaintiff,<br><br>                      v.<br><br>U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br><br>    Office of the Chief Counsel<br>    5900 Capital Gateway Drive<br>    Mail Stop 2120<br>    Camp Springs, MD 20588-0009,<br><br>                      Defendant. | C/A No.: 1:25-cv-942 |

## COMPLAINT

Congress mandated federal agencies respond to requests under the Freedom of Information Act within 20 business days. Defendant U.S. Citizenship and Immigration Services knowingly defies this deadline, claiming a 10-day extension as boilerplate language in each of its initial responses. This suit is Congress's mechanism to check the executive. For the reasons below, this Court should order Defendants to respond to Plaintiff's request and order them to pay reasonable attorney's fees to incentivize compliance with Congress's mandatory deadlines.

## PARTIES

1. Plaintiff Joseph Barnett is domiciled in Santa Monica, California.

2. Defendant United States Citizenship and Immigration Services ("USCIS") is a federal agency within the U.S. Department of Homeland Security that enforces federal laws over

immigration benefits. Defendant USCIS is the custodian of the records sought in four Freedom of Information Act ("FOIA") requests.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B).

4. This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

6. Venue is proper in this District over all claims involving the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

7. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

8. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents. 5 U.S.C. § 552(a)(6)(A).

9. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

10. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

11. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that

warrant additional time. 5 U.S.C. § 552(a)(6)(B).

12. An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

13. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

14. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

15. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

## FACTS

16. Plaintiff Joseph Barnett ("Barnett") is an immigration attorney who represents clients at all stages of the immigration process.

17. Barnett files FOIA requests on behalf of his clients, client bases, and the community of immigration professionals.

18. The purpose of these requests is to acquire information to hold USCIS accountable.

19. To this end, Barnett filed three FOIA requests that USCIS has, unsurprisingly, failed to respond to in a timely fashion:

*Request Number 1*

20. On September 15, 2023, Barnett requested the following information from USCIS:

- Interim Guidance for Review of Cryptocurrency in the Source or Path of Funds in Adjudication of Form I-526

21. On September 15, 2023, USCIS acknowledged Barnett's request and assigned it control number COW2023006306. And it invoked a 10-day extension to respond by stating:

> Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).

22. This FOIA Request has been pending with USCIS for 376-business days not counting federal holidays or weekends.

*Request Number 2*

23. On November 14, 2023, Barnett requested the following information from USCIS:

- Copy of most recent version of USCIS' Consolidated Handbook of Adjudications Procedure (CHAP).

24. On November 15, 2023, USCIS acknowledged Barnett's request and assigned it control number COW2023007931. And it invoked a 10-day extension to respond by stating:

> Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).

25. This FOIA Request has been pending with USCIS for 336-business days not counting

federal holidays or weekends.

*Request Number 3*

26. On January 3, 2025, Barnett requested the following information from USCIS:

- Monthly breakdown of all Form I-526 and Form I-526Es filed through December 31, 2024, based on country of chargeability.
- Monthly breakdown of Form I-526 and Form I-526E adjudications - approval or denial for cases filed after April 1, 2022, based on country of chargeability, through December 31, 2024
- Monthly breakdown of Form I-485 adjudications for EB-5 cases filed after April 1, 2022, based on country of chargeability, through December 31, 2024.
- Documents, policies, information, training materials, or other memoranda sent by USCIS Office of Legal Counsel to USCIS offices (Immigrant Investor Program Office or USCIS Service Operations) related to the new EB-5 law following the EB-5 Reform and Integrity Act of 2022 related to the new "set-aside" EB-5 reserved visa categories."

27. On January 13, 2025, USCIS acknowledged Barnett's request and assigned it control number COW2025000139. And it invoked a 10-day extension to respond by stating:

> Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).

28. This FOIA Request has been pending with USCIS for 58-business days not counting federal holidays or weekends.

**FIRST CAUSE OF ACTION**
**(USCIS - Failure to Respond to Request Within Statutory Timeframe)**

29. Plaintiff filed the above referenced FOIA requests and USCIS has failed to respond to any.

30. USCIS has unlawfully withheld all requested documents.  5 U.S.C. § 552(a)(6)(A)(i).

31. Plaintiff is entitled to an order compelling USCIS to provide all of the requested documents for all three requests. 5 U.S.C. § 552(a)(4)(B).

32. Plaintiff is entitled to reasonable attorney's fees and costs even if USCIS settles this claim by producing the documents during litigation. 5 U.S.C. § 552(a)(4)(E)(i).

## SECOND CAUSE OF ACTION
### (USCIS - Failure to Produce Responsive Records)

33. USCIS failed to make reasonable efforts to search for records responsive to the FOIA request identified above, in violation of the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

34. USCIS failed to disclose and produce any records responsive to the four requests, in violation of the Plaintiff's rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

35. USCIS failed to disclose and produce any records responsive to the requests without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

36. The Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

37. Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

38. Find that USCIS's failure to respond or disclose records timely was unlawful;

39. Order USCIS to search for and promptly disclose all records responsive to the Plaintiff's requests; and

40. Award the Plaintiff's attorneys' fees and costs.

March 31, 2025                             Respectfully submitted,

                                            s/Brad Banias
                                            BRAD BANIAS
                                            Banias Law, LLC
                                            602 Rutledge Avenue
                                            Charleston, South Carolina 29403
                                            brad@baniaslaw.com
                                            843.352.4272
                                            SC Bar No.: 76653
                                            D.D.C. No.: SC0004

                                            Attorney for the Plaintiff